FILED
2021 Sep-08  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
8/12/2021 8:30 AM
01-CV-2021-902318.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>08/12/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LORENZO HALL v. PAPPAS RESTAURANTS, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

   R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO       Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**       ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

LAW036          8/12/2021 8:30:54 AM          /s/ JOHN DAVID LAWRENCE
                Date                           Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**       ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
8/12/2021 8:30 AM
01-CV-2021-902318.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**LORENZO HALL,**                              )
                                               )
     **Plaintiff,**                          )
                                               )
**v.**                                         )     **Civil Action No.:**_____
                                               )

**PAPPAS RESTAURANTS, INC., a corporation; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:**

**Defendants A, B and C, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;**

**Defendants D, E and F, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;**

**Defendants G, H and I, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;**

**Defendants J, K and L, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;**

**Defendants M, N and O, whether singular or plural, that entity or those entities who or which controlled or had the right to control the ingress or egress to and/or from the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;**

**Defendants P, Q and R, whether singular or plural, that entity or those entities who or which planned, designed, constructed, maintained or installed the shower involved in the occurrence made the basis of this lawsuit;**

**Defendants S, T and U, whether singular or plural, that entity or those entities who or which maintained or who had the responsibility to maintain the shower of the premises involved in the occurrence made the basis of this lawsuit;**

**Defendants V, W and X, whether singular or plural, that governmental entity or those governmental entities that had charge or control of the premises involved in the occurrence made the basis of this lawsuit;**

**Defendants Y, Z and AA, whether singular or plural, that entity or those entities who or which conducted safety inspections, or who or which were responsible for conducting safety**

**1**

inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit, both prior to and on the date of said occurrence;

Defendants BB, CC and DD, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity that owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or regarding the premises involved in the occurrence made the basis of this lawsuit, both prior to, on and/or after the date of said occurrence;

Defendants EE, FF and GG, whether singular or plural, that entity or those entities who or which failed to adequately warn the Plaintiff that a defective and/or dangerous condition/hazard existed on, in and/or within the premises made the basis of this lawsuit, at or about the time the Plaintiff was injured;

Defendants HH, II, JJ, whether singular or plural, the individual(s) and/or employee(s) of Defendant who poured and/or spilled water or another liquid substance on or around the Plaintiff on Defendant's premises;

Defendants.

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, by and through undersigned Counsel, and complains of the Defendants as follows:

1.      The Plaintiff, Lorenzo Hall, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.      The Defendant, Pappas Restaurants, Inc., is a foreign corporation doing business in the State of Alabama. Upon information and belief, Pappas Restaurants, Inc., was engaged in the ownership, operation, and management of Pappadeaux's Seafood Kitchen, 3600 Grandview Parkway, Birmingham, Alabama 35243.

3.      The actions, inactions and/or events giving rise to the Plaintiff's claims occurred wholly within the geographical boundaries of Jefferson County in the State of Alabama.

4.      The amount in controversy exceeds the jurisdictional minimums of this Honorable Court.

5.    Jurisdiction and venue are proper in this Court.

## COUNT I
## NEGLIGENCE/WANTONNESS

6.    Plaintiff avers that on or about October 5, 2019, Plaintiff was a business invitee on the premises of Pappas Restaurants, Inc., located in Birmingham, Jefferson County, Alabama.

7.    On the said date and place, Plaintiff was caused to fall thereby causing him serious personal injuries.

8.    Defendant breached its duty to Plaintiff in at least the following particulars:

a)    Failing to use reasonable care and diligence to keep the Premises in a safe condition;

b)    Creating a dangerous condition upon the Premises;

c)    Failing to use reasonable care and diligence to remove and/or remedy a dangerous condition on the Premises known or knowable to the Defendant but not readily apparent to invitees, including Plaintiff, despite the exercise of reasonable diligence;

d)    Failing to guard against or otherwise prevent invitees, such as Plaintiff, from encountering a dangerous condition upon the Premises, known or knowable to the Defendant but not readily apparent to invitees, including Plaintiff, despite the exercise of reasonable diligence.

e)    Failing to warn or otherwise sufficiently notify invitees, such as Plaintiff, of a dangerous condition upon the Premises, not readily apparent to invitees, including Plaintiff, despite the exercise of reasonable diligence.

9.    The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, had a duty to provide a safe, secure and hazard-free establishment on said premises.

10.    The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent and/or wanton in their maintenance of the area where the Plaintiff fell and that the Defendants' negligently and/or wantonness rendered said area a hazard and otherwise dangerous conditions for individuals, including the Plaintiff.

11.     Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, negligently or wantonly caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff or other members of the public about such dangers.

12.     As a direct or proximate consequence of the negligence or wantonness of the Defendant, the Plaintiff, Lorenzo Hall, was caused to suffer the following injuries and damages:

  a)     he was caused to suffer physical pain and mental anguish;

  b)     he was caused to seek medical treatment and was prevented from going about his normal activities;

  c)     he was permanently injured;

  d)     he was caused to incur medical expenses to treat and cure his injuries; and

  e)     he was caused to be injured and damaged, all to his detriment.

13.     Plaintiff avers that the negligence or wanton conduct of the Defendant directly or proximately caused the Plaintiff's injuries as herein above alleged.

**WHEREFORE,** Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

## <u>COUNT II</u>
## NEGLIGENT/WANTON HIRING, TRAINING & SUPERVISION

14.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

15.     Upon information and belief, Defendant, Pappas Restaurants, Inc., negligently or wantonly hired, trained, and supervised the employee(s), identified as a Fictitious Defendant, who caused and/or allowed an inherently dangerous condition to exist on said premises by pouring water, or another liquid substance, on or around the Plaintiff while on Defendant's premises.

**4**

Defendant failed to adequately train said employee(s) and failed to properly supervise the employee(s).

16.     As a direct or proximate result of the negligent or wanton conduct of Defendant, and Fictitious Defendants A through JJ, combined and concurred, Plaintiff was caused to suffer the injuries and damages set out in Paragraph 12 of this Complaint.

**WHEREFORE,** Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury.

<u>COUNT III</u>
**RESPONDEAT SUPERIOR**

17.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

18.     On or about October 5, 2019, at the time of the occurrence forming the basis of Plaintiff's Complaint, Defendant, Pappas Restaurants, Inc., was the principal and/or employer of the individual employee(s), identified as a Fictitious Defendant, who caused and/or allowed an inherently dangerous condition to exist on said premises.

19.     At the time of the occurrence forming the basis of Plaintiff's Complaint the employee(s), identified as a Fictitious Defendant, were acting as the agent, servant and/or employee of Defendant, Pappas Restaurants, Inc.

20.     At the time of the occurrence forming the basis of Plaintiff's Complaint, the employee(s), identified as Fictitious Parties, were acting within the line and scope of his or her employment with Defendant, Pappas Restaurants, Inc.

21.     As a result of the foregoing, Defendant, Pappas Restaurants, Inc., is liable to Plaintiff, Lorenzo Hall, under respondeat superior for the negligent or wanton conduct of the individual employee(s) that proximately caused Plaintiff's injuries as described in Paragraph 12.

**WHEREFORE,** Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury.

**COUNT IV**
**FICTITIOUS DEFENDANTS**

22.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

23.     As a direct or proximate consequence of the negligence or wantonness of the Fictitious Defendants, the Plaintiff, Lorenzo Hall, was caused to suffer the injuries and damages set out in Paragraph 12.

24.     Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through JJ," combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I**, **COUNT II** and **COUNT III** above. Defendants, "A through JJ," whose current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment who properly ascertained.

**WHEREFORE,** the Plaintiff claims of the Fictitious Defendants, "A through JJ," damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)

6

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255
jlawrence@frplegal.com


**<u>PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:</u>**

Pappas Restaurants, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
8/12/2021 8:30 AM
01-CV-2021-902318.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **LORENZO HALL,** )  |  |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:_____** |
| ) | |
| **PAPPAS RESTAURANTS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

Plaintiff submits the following Interrogatories and Requests for Production of Documents

to Defendant to be answered pursuant to Alabama Rules of Civil Procedure 33 and 34.

## INSTRUCTIONS

1.      You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.      With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

  a)  type of document or thing (e.g., memorandum, letter, etc.);
  b)  author(s);
  c)  recipient(s);
  d)  subject matter;
  e)  nature of privilege asserted or other objections;
  f)  the part of the document withheld; and
  g)  a description of the thing withheld.

5.      If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

a)   type of document or thing (e.g. letter, memorandum, etc.);
b)   author(s)
c)   recipient(s)
d)   the approximate or actual date of the document;
e)   subject matter;
f)   the person who destroyed or otherwise disposed of the document or thing;
g)   in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
h)   the date of destruction or disposition; and
i)   the reason for destruction of disposition.

## **DEFINITIONS**

1.     "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.     "You" or "your" means Pappas Restaurants, Inc., in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.     "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.     "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.     "Identify" has the following meanings in the following contexts:

a)   when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
b)   when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
c)   when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
d)   when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.     The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made. Please note that "document(s)" as so defined include,

2

but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## **INTERROGATORIES**

1.      State the name, address, title, and duties of the person or persons answering these interrogatories and the place where these interrogatories are being answered.

2.      Is this Defendant's name correctly stated in the style of the Complaint in this cause? If not, state the correct way this Defendant should be designated as a party defendant.

3.      State the names and addresses of all persons known to you, your agents, employees and/or attorneys who have knowledge of the facts involved in the occurrences made the basis of this suit.

4.      Who were the supervisory employees who were authorized and/or assigned to oversee maintenance and premises safety conducted at or near the area of Pappas Restaurants, Inc., Grandview Parkway, Birmingham, Alabama 35243 on October 5, 2019? Your response should include the full name of any and all employees, job titles, last known addresses.

5.      Who was/were the employee(s) who poured the water, or other liquid substance, on or around the Plaintiff while on Defendant's premises? Please provide full name, address and job titles.

6.     State the name and address of each person from whom a statement, whether oral, written or otherwise recorded that has been obtained by this defendant or on behalf of this Defendant. Your response should also include the dates and times of any such statements.

7.     Describe in full detail this Defendant's account of the occurrence made the basis of the Plaintiff's Complaint, i.e., how the Plaintiff's accident occurred. Include in your response a detailed description of all events that had any bearing on the cause and manner of the occurrence, whether said event occurred before, at the time of, or after the happening of the occurrence.

8.     Describe in full detail all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of the Defendant or anyone else to this Defendant's knowledge, saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this lawsuit that relate in any way to said occurrence.

9.     List and describe any and all maintenance inspections, premises inspection schedules or other types of inspections conducted by this Defendant at or about the scene of the occurrence made the basis of this lawsuit for one month before, on the day of and for one month after the incident forming the basis of this lawsuit.

10.     In addition to the description you provided in Interrogatory nine (9) above, state how long the Defendant was aware that the scene of the occurrence was in a defective condition prior to the incident made the basis of this lawsuit.

11.     Describe in detail when and by whom the Defendant was first informed of the Plaintiff's injury at the site of the occurrence made the basis of this lawsuit.

12.     State whether the Defendant has or knows of any photographs or videos of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence. If so, describe each photograph or video, state when it was taken, and

**4**

state the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture. Attach any and all such photographs or motion pictures to your interrogatory answers.

13.     Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit?  If so, please produce said investigation or report documents, and provide the following information:

a)      The contents, nature and substance of any and all reports that were made;

b)      The result and/or conclusions of any and all investigation conducted;

c)      The dates and times for any and all investigations and/or reports generated;

d)      The name and job title of the person or persons who conducted any such investigation and/or produced any such reports;

e)      The name and job title the person and/or persons who supervised and/or participated in any way with regard to any investigation and/or report generated there from; and

f)      The name and job title of the person and/or persons who are in the care, custody and control of such documents at the present time.

14.     Describe the type of insurance coverage or protection provided for the Defendant at the time of the occurrence made the basis of this lawsuit or at any time prior thereto, and state the applicable limits of liability for the present action.

15.     State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the Plaintiff's complaint, including but not limited to, eyewitnesses to such event, regardless of whether you intend to call such person(s) as a trial witness.

16.     State in complete detail this Defendant's policies and procedures for warning and/or otherwise placing invitees or licensees on notice of the potential for dangerous and/or hazardous conditions that are present and/or exist on the Defendant's premises.

17.     Describe in complete detail the substance of any and all statements made by the Plaintiff to the Defendant and/or any and all agents, servants and/or employees of the Defendant at the scene of the Plaintiff's fall and immediately thereafter.

18.      Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause his own injury? If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause her injury.

## **REQUESTS FOR PRODUCTION**

1.     Please produce a list of any and all person from whom written or oral statements have been taken by or on behalf of the Defendants.

2.     Please produce a list of all witnesses who have any knowledge about the incident in question.

3.     Please produce a copy of any and all reports, investigations, tests, or other documents by whatever name called of any expert employed on Defendants' behalf to make an investigation of the incident made the basis of this suit.

4.     Please produce a copy of any and all statements taken on behalf of the Defendants.

5.     Please produce a list of each and every exhibit that Defendants or their attorneys propose to use in the trial of this action.

6.     Please produce a copy of each and every exhibit the Defendants or their attorneys propose to use in the trial of this action.

7.      Please produce each and every scientific treatise, book, or document or treatise of any authority on the subject, the issue of the lawsuit, or any authoritative text or document in any way relating, concerning, or pertaining to the Plaintiff's claims expressed in the Complaint.

8.      Please submit each article or thing the Defendants intend to offer or use in the trial of this case to demonstrate, illustrate, aid, and/or assist in the testimony of any witness.

9.      Please produce any item or article of evidence, including models or facsimiles of items or articles.

10.     Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for cleaning, maintaining and/or inspecting the Defendant's premises, and specifically, any and all documentation evidencing how and in what manner the Defendant is to protect the safety of invitees and/or warn patrons from dangerous and/or defective conditions existing on the premises of the Defendant.

11.     Produce any and all documentation evidencing or relating to the Defendant's policies and procedures or training material, whether written or otherwise, for Defendant's employees.

12.     Please produce any and all incident and investigation reports for the incident made the basis of this suit.

13.     Please produce any and all photographs and/or videos of the incident and incident scene made the basis of this suit.

14.     Please produce a list of employees who were working on the premises on October 5, 2019, at or around the time of Plaintiff's injury. Please include full names, employment positions, telephone numbers and any information they may have pertaining to the incident made the basis of this suit.

15.     Please produce the complete personnel file(s) for the employee(s) who poured the water, or other liquid substance, on or around the Plaintiff while on Defendant's premises.

16.     Produce complete copies of any and all documents you receive throughout the course of this litigation that you obtain by way of a signed release of the plaintiff and/or by way of a Rule 45 subpoena.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Financial Center, Suite 1700
505 20th Street North
Birmingham, Alabama 35203
T:  (205) 324-1212
F:  (205) 324-1255
jlawrence@frplegal.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2021-902318.00

To:   JOHN DAVID LAWRENCE
jlawrence@frplegal.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LORENZO HALL V. PAPPAS RESTAURANTS, INC.
01-CV-2021-902318.00

The following complaint was FILED on 8/12/2021 8:31:01 AM

Notice Date:     8/12/2021 8:31:01 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-902318.00

To: PAPPAS RESTAURANTS, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LORENZO HALL V. PAPPAS RESTAURANTS, INC.
01-CV-2021-902318.00

The following complaint was FILED on 8/12/2021 8:31:01 AM

Notice Date:     8/12/2021 8:31:01 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-902318.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LORENZO HALL V. PAPPAS RESTAURANTS, INC.

**NOTICE TO:** PAPPAS RESTAURANTS, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN DAVID LAWRENCE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LORENZO HALL
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 08/12/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.                /s/ JOHN DAVID LAWRENCE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*          *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
LORENZO HALL V. PAPPAS RESTAURANTS, INC.

01-CV-2021-902318.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $13.60

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

PAPPAS RESTAURANTS, INC.                          Postage: $13.60
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PAPPAS RESTAURANTS, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

9590 9402 6681 1060 1666 36

2. Article Number *(Transfer from service label)*

7020 1810 0000 0881 8330

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

*S/C*

*CV-21-902318*

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7020 1810 0000 0881 8330

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   $

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $

Postage   $

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Jennifer Lockwood*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   AUG   C. Date of Delivery   1 6 2021

1. Article Addressed to:

PAPPAS RESTAURANTS, INC.

2 NORTH JACKSON STREET

SUITE 605

MONTGOMERY, AL 36104

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

S/C

CV- 21- 902318

|||||||||||||||||||||||||||||||||||||||

9590 9402 6681 1060 1666 36

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*



7020 1810 0000 0881 8330

Mail Restricted Delivery
(0)

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

**USPS TRACKING #**

MONTGOMERY AL 360

AUG 2021 PM L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6681 1060 1666 36

FILED IN OFFICE

CIRCUIT CIVIL DIVISION

AUG 19 2021

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON-SMITH CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203





AlaFile E-Notice

01-CV-2021-902318.00

Judge: CAROLE C. SMITHERMAN

To:  LAWRENCE JOHN DAVID
     jlawrence@frplegal.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LORENZO HALL V. PAPPAS RESTAURANTS, INC.
01-CV-2021-902318.00

The following matter was served on 8/16/2021

**D001 PAPPAS RESTAURANTS, INC.**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-902318.00

To:  GLENN EDWIN IRELAND
     cireland@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LORENZO HALL V. PAPPAS RESTAURANTS, INC.
01-CV-2021-902318.00

The following answer was FILED on 9/8/2021 12:20:07 PM

Notice Date:     9/8/2021 12:20:07 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
9/8/2021 12:19 PM
01-CV-2021-902318.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| LORENZO HALL, | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 01-CV-902318** |
| | ) | |
| PAPPAS RESTAURANTS, INC., et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

---

### ANSWER OF DEFENDANT PAPPAS RESTAURANT, INC.

---

Defendant Pappas Restaurant, Inc. ("Pappas" or "Defendant") answers Plaintiff's Complaint as follows:

1.      Pappas denies the material allegations in paragraph one (1) of Plaintiff's Complaint and demands strict proof thereof.

2.      Pappas admits it was a foreign corporation that was doing business in the State of Alabama, and that it operated the Pappadeaux's Seafood Kitchen located on Grandview Parkway, Birmingham, Alabama 35243. The remaining material allegations in paragraph two (2) of Plaintiff's Complaint are denied, and Pappas demands strict proof thereof.

3.      Pappas denies the material allegations in paragraph three (3) of Plaintiff's Complaint and demands strict proof thereof.

4.      Pappas denies the material allegations in paragraph four (4) of Plaintiff's Complaint and demands strict proof thereof.

5.      Pappas denies the material allegations in paragraph five (5) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I
## NEGLIGENCE/WANTONNESS

6.     Admitted.

7.     Pappas denies the material allegations in paragraph seven (7) of Plaintiff's Complaint and demands strict proof thereof.

8.     Pappas denies the material allegations in paragraph eight (8) of Plaintiff's Complaint, including all subparagraphs therein, and demands strict proof thereof.

9.     Pappas denies the material allegations in paragraph nine (9) of Plaintiff's Complaint and demands strict proof thereof.

10.    Pappas denies the material allegations in paragraph ten (10) of Plaintiff's Complaint and demands strict proof thereof.

11.    Pappas denies the material allegations in paragraph eleven (11) of Plaintiff's Complaint and demands strict proof thereof.

12.    Pappas denies the material allegations in paragraph twelve (12) of Plaintiff's Complaint, including all subparagraphs therein, and demands strict proof thereof.

13.    Pappas denies the material allegations in paragraph thirteen (13) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT II
## NEGLIGENT/WANTON HIRING, TRAINING & SUPERVISION

14.    Pappas realleges its responses to the preceding paragraphs as if fully set forth herein.

15.    Pappas denies the material allegations in paragraph fifteen (15) of Plaintiff's Complaint and demands strict proof thereof.

16.    Pappas denies the material allegations in paragraph sixteen (16) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III
## RESPONDEAT SUPERIOR

17.     Pappas realleges its responses to the preceding paragraphs as if fully set forth herein.

18.     Pappas denies the material allegations in paragraph eighteen (18) of Plaintiff's Complaint and demands strict proof thereof.

19.     Pappas denies the material allegations in paragraph nineteen (19) of Plaintiff's Complaint and demands strict proof thereof.

20.     Pappas denies the material allegations in paragraph twenty (20) of Plaintiff's Complaint and demands strict proof thereof.

21.     Pappas denies the material allegations in paragraph twenty-one (21) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT IV
## FICTITIOUS DEFENDANTS

22.     Pappas realleges its responses to the preceding paragraphs as if fully set forth herein.

23.     There are no material allegations made against Pappas in paragraph twenty-three (20) of Plaintiff's Complaint; therefore, response is required. To the extent any material allegations in this paragraph may be construed against Pappas, said allegations are denied, and Pappas demands strict proof thereof.

24.     There are no material allegations made against Pappas in paragraph twenty-four (24) of Plaintiff's Complaint; therefore, response is required. To the extent any material allegations in this paragraph may be construed against Pappas, said allegations are denied, and Pappas demands strict proof thereof.

## FIRST DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

**SECOND DEFENSE**

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause Plaintiff's alleged injuries and damages.

**THIRD DEFENSE**

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant but were the result of acts or omissions of other persons or entities.

**FOURTH DEFENSE**

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence or wantonness of Defendant and Plaintiff's alleged injuries or damages.

**FIFTH DEFENSE**

Defendant avers that Plaintiff is not the proper party and lacks standing and/or capacity to prosecute this action.

**SIXTH DEFENSE**

Defendant avers that Plaintiff assumed the risk of Plaintiff's alleged accident, injuries and damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in that the alleged condition complained of was open and obvious.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

**NINTH DEFENSE**

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**TENTH DEFENSE**

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

**ELEVENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

**TWELFTH DEFENSE**

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

**THIRTEENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

**FOURTEENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

**FIFTEENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**SIXTEENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**SEVENTEENTH DEFENSE**

To the extent Plaintiff seeks or requests punitive damages, it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring

a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## EIGHTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTIETH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments

against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-FIRST DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 apply to this action.

### TWENTY-FOURTH DEFENSE

Defendant pleads that Plaintiff's claims are barred by the applicable statutes of limitation.

### TWENTY-FIFTH DEFENSE

Defendant pleads that Plaintiff's claims are barred by lack of proximate cause.

### TWENTY-SIXTH DEFENSE

Defendant denies notice of the condition alleged in Plaintiff's Complaint.

## TWENTY-SEVENTH DEFENSE

Defendant avers Plaintiff's alleged accident and injuries were caused by the acts of other parties.

## TWENTY-EIGHTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## TWENTY-NINTH DEFENSE

Defendant claims as a set-off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

## THIRTIETH DEFENSE

Defendant pleads that Plaintiff has failed to mitigate Plaintiff's alleged damages.

## THIRTY-FIRST DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon non-parties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, a criminal defendant is placed in a position of distinctive advantage over civil defendant due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendant.

**THIRTY-THIRD DEFENSE**

Any and all claims in this action are barred and/or limited by application of Ala. Code § 6-11-27 (1975).

**THIRTY-FOURTH DEFENSE**

The Due Process Clause prohibits punishment of Defendant based on an injury to a nonparty because such punishment "would add a near standardless dimension to the punitive damages equation." Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of arbitrariness, uncertainty and lack of notice. (*State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**THIRTY-FIFTH DEFENSE**

The award of punitive damages against Defendant in this action violates the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala. 1997), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007) on the following grounds:

a.      It is a violation of Defendant's right to due process to impose punitive damages to deter future conduct, where less drastic remedies could achieve this goal;

b.      It is a violation of due process to subject Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

c.      It is a violation of Defendant's rights to due process to impose punitive damages which are grossly excessive.

**THIRTY-SIXTH DEFENSE**

Any verdict based upon Plaintiff's claims for compensatory damages for pain and suffering, mental anguish, or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and

the Alabama Constitution has the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against fake and overly broad laws.

### THIRTY-SEVENTH DEFENSE

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-EIGHTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, any mental anguish damage award will violate these constitutional provisions because Alabama juries are given a rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTY-NINTH DEFENSE

Defendant avers that venue is improper and/or inconvenient.


/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
Attorney for Defendant, Pappas Restaurant, Inc.

**OF COUNSEL**:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

    **_____** Facsimile transmission;
    **_____** Hand Delivery;
    **_____** Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    **XX** Using the Alafile or CM/ECF system which will send notifications of such to the following:

John David Lawrence, Esq.
Farris, Riley & Pitt, LLP
The Financial Center
505 North 20th Street, Suite 1700
Birmingham, AL  35203
jlawrence@frplegal.com

               /s/ Glenn E. Ireland_____
               OF COUNSEL